IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 09-03241 |
| | : | |
| HERIBERTO CLAUDIO GONZALEZ. | : | CHAPTER 7 |
|    Debtor | : | |
| | : | |
| FIDELIA MEDINA DE JESUS | : | ADVERSARY NO. 09-00134 |
|    Plaintiff | : | |
| vs. | : | |
| HERIBERTO CLAUDIO GONZALEZ | : | |
|    Defendant | : | |
| | : | |

<u>OPINION AND ORDER</u>

This adversary proceeding is before the court upon the motion for summary judgment filed on February 4, 2010 by Fidelia Medina De Jesus (hereinafter referred to as "Plaintiff" and "Creditor") (Docket No. 14). Plaintiff argues that the debt owed to her by  Heriberto Claudio Gonzalez (hereinafter referred to as "Debtor" or "Defendant") is nondischargeable pursuant to 11 U.S.C. §523(a)(15) since the same was incurred by the Debtor in connection with a divorce decree.  On March 8, 2010 Defendant filed his reply to Creditor's memorandum of law requesting nondischargeability of debt (Docket No. 16) arguing that the Congress of the United States had no intention of eliminating the defenses which were available to debtors prior to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") amendments since this would deprive debtors of their fresh start.  Debtor also argues that the court should utilize its equitable powers under 11 U.S.C. §105(a) of the Bankruptcy Code because of the alleged undue hardship he would face if the debt in controversy was nondischargeable pursuant to 11 U.S.C. §523(a)(15).  For the reasons set forth below Plaintiff's motion for summary judgment is granted.

<u>Facts and Procedural Background</u>

Plaintiff filed a bankruptcy petition under Chapter 7 of the Bankruptcy Code on April 25,

2009. The 341 meeting of creditors was held on May 27, 2009 (Docket No. 5 in lead case[1]). At the 341 meeting of the creditors, the Chapter 7 Trustee, Wigberto Lugo Mender, requested that this case be held open for potential asset recovery (Docket No. 8 in lead case). Debtor in his Schedule A- Real Property, listed a concrete property jointly owned by his ex-spouse, Fidelia Medina De Jesus which has a value of $63,600.00 of which half of this amount ($31,800.00) is listed as Debtor's interest. Debtor in his Schedule F- Creditors Holding Unsecured Nonpriority Claims listed Creditor's claim in the amount of $30,000.00 which was incurred as part of a 2007 division of property.

On July 17, 2009, Plaintiff filed the instant adversary proceeding alleging that her claim was excepted from discharge pursuant to Sections §727(a) and 523(a)(5) of the Bankruptcy Code. On September 17, 2009, Debtor filed its answer to the complaint (Docket No. 10). On September 17, 2009, Creditor filed a memorandum of law in support of its complaint presenting the following arguments: (i) Debtor pursuant to 11 U.S.C. §523(a)(15) may not discharge Creditor's claim since the same is a debt owed to an ex-spouse in connection with a divorce decree; (ii) BAPCPA eliminated the former defenses available under Section 523(a)(15) of the Bankruptcy Code, namely former subparts (A) and (B), thus enlarging the scope of the exception to discharge under said section; and (iii) the congressional intent to broaden the exception to discharge pursuant to 11 U.S.C. §523(a)(15) is clear from the following House Report's statement which state that, "[s]ection 215(3) [BAPCPA] amends section 523(a)(15) to provide that obligations to a spouse, former spouse, or a child of the debtor (not otherwise described in section 523(a)(5)) incurred in connection with a divorce or separation or related action are nondischargeable irrespective of the debtor's inability to pay such debts." (Docket No. 11, pgs. 3-4 quoting H.R. REP. NO. 109-31 at §215). On November 24, 2009 the pretrial hearing was held in which the parties agreed that there were no material facts in controversy and that the disputed legal issue could be disposed of by summary judgment. The parties were granted forty-five (45) days to file the corresponding dispositive motions (Docket No. 12). Subsequently, Plaintiff on February 4, 2010 filed a motion for summary judgment and the statement

[1]References to the lead case are to the entries and documents filed in the bankruptcy case, case number 09-03241 (ESL).

of uncontested material facts in support of said motion (Docket Nos. 14 & 15).  Creditor's legal arguments in the motion for summary judgment are the same as the ones included in the previously filed memorandum of law in support of the complaint. On March 8, 2010, Debtor filed its reply to Plaintiff's summary judgment in which he argued the following issues: (i) the Congress of the United States had no intention of eliminating the defenses which were available to debtors prior to the BAPCPA amendments since this would deprive debtors of their fresh start; (ii) Debtor also argues that the court should utilize its equitable powers under 11 U.S.C. §105(a) of the Bankruptcy Code because of the alleged undue hardship Debtor would face if the debt in controversy was nondischargeable pursuant to 11 U.S.C. §523(a)(15); (iii) Debtor at the 341 meeting testified that he has been unemployed since 2008; (iv) his yearly income for the years prior to his bankruptcy filing have never exceeded $6,000.00; and (v) the real property is constructed in land belonging to Debtor's parents that may not be segregated because it is constructed in a floodable area (zone) and thus, may not be sold to third parties (Docket No. 16).

*Standard for Summary Judgment*

Rule 56 of the Federal Rules of Civil Procedure, is applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure, provides that summary judgment should be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Bankr. P. 7056; *see also*, In re Colarusso, 382 F.3d 51 (1st Cir. 2004), citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

"The summary-judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine issue as to any material fact or in which only a question of law is involved."  10A Wright, Miller & Kane, Federal Practice and Procedure 3d§ 2712 at 198.  "Rule 56 provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues that need to be tried."  Id at 202-203.  Summary judgment is not a substitute for a trial of disputed facts; the court may only determine whether there are issues to be tried, and it is improper if the existence of a material fact is uncertain.

Id at 205-206.

Summary judgment is warranted where, after adequate time for discovery and upon motion, a party fails to make a showing sufficient to establish the existence of an element essential to its case and upon which it carries the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

For there to be a "genuine" issue, facts which are supported by substantial evidence must be in dispute thereby requiring deference to the finder of fact. Furthermore, the disputed facts must be "material" or determinative of the outcome of the litigation. Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975), cert. denied, 425 U.S. 904 (1976). When considering a petition for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464, 473 (1962); Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988).

The moving party invariably bears both the initial as well as the ultimate burden in demonstrating its legal entitlement to summary judgment. Adickes v. Kress & Co., 398 U.S. 144, 157 (1970). See also López v. Corporación Azucarera de Puerto Rico, 938 F.2d 1510, 1516 (1st Cir. 1991). It is essential that the moving party explain its reasons for concluding that the record does not contain any genuine issue of material fact in addition to making a showing of support for those claims for which it bears the burden of trial. Bias v. Advantage International, Inc., 905 F.2d 1558, 1560-61 (D.C. Cir. 1990), cert. denied, 498 U.S. 958 (1990).

The moving party cannot prevail if any essential element of its claim or defense requires trial. López, 938 F.2d at 1516. In addition, the moving party is required to demonstrate that there is an absence of evidence supporting the nonmoving party's case. Celotex, 477 U.S. at 325. See also, Prokey v. Watkins, 942 F.2d 67, 72 (1st Cir. 1991); Daury, 842 F.2d at 11. In its opposition, the nonmoving party must show genuine issues of material facts precluding summary judgment; the existence of some factual dispute does not defeat summary judgment. Kennedy v. Josepthal & Co., Inc., 814 F.2d 798, 804 (1st Cir. 1987). See also Kauffman v. Puerto Rico Telephone Co., 841 F.2d 1169, 1172 (1st Cir. 1988); Hahn, 523 F.2d at 464. A party may not rely upon bare allegations to

create a factual dispute but is required to point to specific facts contained in affidavits, depositions and other supporting documents which, if established at trial, could lead to a finding for the nonmoving party. Over the Road Drivers, Inc. v. Transport Insurance Co., 637 F.2d 816, 818 (1st Cir. 1980).

The moving party has the burden to establish that it is entitled to summary judgment; no defense is required where an insufficient showing is made. López, 938 F.2d at 1517. The nonmoving party need only oppose a summary judgment motion once the moving party has met its burden. Adickes, 398 U.S. at 159.

Uncontested Material Facts

1. Plaintiff and Defendant were married under the conjugal partnership regime from July 28, 1978 until they divorced in August 16, 1991.

2. During Plaintiff and Defendant's marriage they built a residence located at Bo. Espino, Carr. 181 km. 12, séctor Jacobo Pérez, San Lorenzo, Puerto Rico.

3. In the year 2003, Creditor filed a complaint before state court (case number E22003-00800) for the division of property pertaining to the conjugal partnership. The only real estate property was a house constructed in a parcel of land belonging to Debtor's parents.

4. Creditor has a 50% interest in the jointly owned real estate property.

5. On August 2007, the parties reached an agreement whereby Debtor incurred the obligation to pay Creditor the amount of $30,000.00 as part of the division of property settlement pertaining to the conjugal partnership.

6. Debtor failed to pay Creditor.

Applicable Law and Analysis

*Exceptions to Discharge under 11 U.S.C. §523(a)(15)*

Section 523(a) of the Bankruptcy Code lists certain categories of debts which are excepted from discharge. In particular, Section 523(a)(15) provides;

> "(a) a discharge under section 727 ... of this title does not discharge an individual debtor from any debt–
> (15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit." 11 U.S.C. §523(a)(15).

For this particular (marital) debt to be excepted from discharge, the movant bears the burden of

5

proving all three (3) factors, namely; (1) the debt in controversy is to a spouse, former spouse or child of the debtor; (2) the debt is not a support obligation of the type described in Section 523(a)(5); and (3) the obligation (debt) was incurred in a separation agreement, divorce decree or other order of a court of record. Damschroeder v. Williams (In re Williams), 398 B.R. 464, 468 (Bankr. N.D. Ohio 2008). As part of the BAPCPA amendments, Congress eliminated the affirmative defenses (exceptions) previously included in subparts (A) and (B) of Section 523(a)(15), namely the undue burden defense (debtor's ability to pay) and the balancing test (whether a debtor would gain more than his domestic relations creditors would lose were the debtor granted a discharge), which if proven by the debtor, allowed the court to discharge a marital property settlement obligation. Hisaw v. Hisaw (In re Poppleton), 382 B.R. 455, 457 (Bankr. D. Idaho 2008). Thus, debts pertaining to this category are entirely nondischargeable. See In re Williams, 382 B.R. at 468; Alan N. Resnick & Henry J. Sommer, 4 Collier on Bankruptcy ¶523.23(16th ed. 2010)("Section 523(a)(15) now provides, unqualifiedly, that a property settlement obligation encompassed by Section 523(a)(15) is nondischargeable").

In the instant case, the debt in controversy satisfies all three (3) factors necessary for the same to be excepted from discharge; namely; (i) the debt in controversy is to a former spouse; (ii) the same is not a support obligation of the type described in Section 523(a)(5); and (iii) the obligation was incurred as part of a division (separation) of property settlement which stemmed from a divorce decree and which Debtor included in his Schedule F-Creditors Holding Unsecured Nonpriority Claims as a claim in the amount of $30,000.00 which was incurred as part of a 2007 division of property proceeding on behalf of Creditor. This court holds that Defendant's arguments are irrelevant since the same hinge on the former affirmative defenses (ability to pay and the balancing test) which are no longer applicable after the enactment of BAPCPA and Section 105(a) does not provide the court to override explicit mandates of other sections of the Code. See Alan N. Resnick & Henry J. Sommer, 2 Collier on Bankruptcy ¶105.01[2](16th ed. 2010).  This court concludes that based on the undisputed facts of this case, Debtor's obligation in the amount of $31,800.00 plus accrued interest is nondischargeable pursuant to 11 U.S.C. §523(a)(15).

Conclusion

For the reasons stated above, this court finds that the particular debt in controversy is nondischargeable pursuant to 11 U.S.C. §523(a)(15) .

In view of the foregoing, Plaintiff's motion for summary judgment is hereby GRANTED.

Judgment shall be entered accordingly.

In San Juan, Puerto Rico, this 29th day of June 2010.

Enrique S. Lamoutte
United States Bankruptcy Court